IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re: | : Bankruptcy No. 20-20346-CMB |
|    Vance Strader | : Chapter 13 |
|         Debtor | : |
| | : |
| v. | : |
| | : |
| U.S. Bank National Association, as indenture trustee, for the holders of the CIM Trust 2017-4, Mortgage-Backed Notes, Series 2017-4 c/o Select Portfolio Servicing, Inc. | : : : : |
|         Respondent | : |

## RESPONSE TO OBJECTION TO PROOF OF CLAIM

      Respondent, U.S. Bank National Association, as indenture trustee, for the holders of the CIM Trust 2017-4, Mortgage-Backed Notes, Series 2017-4 c/o Select Portfolio Servicing, Inc. ("Respondent"), by its attorneys, Hladik, Onorato & Federman, LLP, hereby responds to the Objection of Debtor, Vance Strader ("Debtor") to Its Proof of Claim #13, as follows:

1. Denied. Any and all claims the Debtor makes related to the Federal Reserve are irrelevant to this matter.

2. Denied. Any and all claims the Debtor makes related to the Federal Reserve are irrelevant to this matter. Moreover, the allegation(s) in Paragraph 2 constitute conclusion(s) of law to which no response is required.

3. Denied. The allegation(s) in Paragraph 3 constitute conclusion(s) of law to which no response is required. Moreover, Debtor fails to assert a specific section of Article 4A of the Uniform Commercial Code.

4. Denied. The allegation(s) in Paragraph 4 constitute conclusion(s) of law to which no response is required. Debtor fails to cite or attach the basis for its conclusions. By way of further reply, Debtor borrowed money in the form of a mortgage loan from Community First Bank ("Originating Lender") and promised to pay the loan back in monthly installments to the Originating Lender, its successors and assigns. Debtor has failed to pay back this secured obligation.

5. Denied. The allegation(s) in Paragraph 5 constitute conclusion(s) of law to which no response is required. Morever, Debtor is not the creditor. The parties are defined under 11 U.S.C. § 101, et seq.

6. Denied.  The allegation(s) in Paragraph 6 constitute conclusion(s) of law to which no response is required.  Any and all claims the Debtor makes related to the Federal Reserve are irrelevant to this matter.  By way of further reply, Respondent is only seeking to enforce its rights against the Debtor's estate as permitted by the U.S. Bankruptcy Code.

7. Denied.  The allegation(s) in Paragraph 7 constitute conclusion(s) of law to which no response is required.  Moreover, Debtor does not deny be indebted by virtue of the mortgage loan at issue.  Debtor lacks proper standing and/or prvitiy to challenge Respondent's claim for lack of consideration between it and its predecessor(s).

8. Denied. The allegation(s) in Paragraph 8 constitute conclusion(s) of law to which no response is required.  Moreover, the balance of the allegations contained in the corresponding Paragraph are irrlevent and inadmissible hearsay.

9. Denied.  The allegation(s) in Paragraph 9 constitute conclusion(s) of law to which no response is required.  Moreover, the balance of the allegations contained in the corresponding Paragraph are irrlevent and inadmissible hearsay.

10. Denied.  The allegation(s) in Paragraph 10 constitute conclusion(s) of law to which no response is required.  The parties are defined under 11 U.S.C. § 101, et seq.  By way of further reply, Respondent is only seeking to enforce its rights against the Debtor's estate as permitted by the U.S. Bankruptcy Code.

11. Denied. Upon information and belief, the promissory Note udnerlying Respndent's claim has not been destroyed.  Under 11 U.SC. § 501, et seq., creditor may file proof of claim against a debtor's estate as proof of secured claim.  Any and all claims the Debtor makes related to the Federal Reserve are irrelevant to this matter.

12. Denied.  The allegation(s) in Paragraph 12 constitute conclusion(s) of law to which no response is required.  All documentation required under U.S. Bankruptcy Code and local rules are attached to Respondent's Proof of Claim filing.

13. Denied. The allegation(s) in Paragraph 13 constitute conclusion(s) of law to which no response is required.  All documentation required under U.S. Bankruptcy Code and local rules are attached to Respondent's Proof of Claim filing.

14. Denied. The allegation(s) in Paragraph 14 constitute conclusion(s) of law to which no response is required.  Debtor's allegation(s) are unsupported by salient facts.

15. Denied. The allegation(s) in Paragraph 15 constitute conclusion(s) of law to which no response is required. Moreover, Debtor does not deny be indebted by virtue of the mortgage loan at issue. Debtor lacks proper standing and/or prvitiy to challenge Respondent's claim for lack of consideration between it and its predecessor(s).

16. Denied. The allegation(s) in Paragraph 16 constitute conclusion(s) of law to which no response is required.

17. Denied. The allegation(s) in Paragraph 17 constitute conclusion(s) of law to which no response is required. Moreover, Debtor does not deny be indebted by virtue of the mortgage loan at issue. Debtor lacks proper standing and/or prvitiy to challenge Respondent's claim for lack of consideration between it and its predecessor(s). All documentation required under U.S. Bankruptcy Code and local rules are attached to Respondent's Proof of Claim filing.

18. Denied. The allegation(s) in Paragraph 18 constitute conclusion(s) of law to which no response is required.

19. Denied. The allegation(s) in Paragraph 19 constitute conclusion(s) of law to which no response is required.

20. Denied. The allegation(s) in Paragraph 20 constitute conclusion(s) of law to which no response is required.

21. Denied. The allegation(s) in Paragraph 21 constitute conclusion(s) of law to which no response is required. The parties are defined under 11 U.S.C. § 101, et seq.

22. Denied. Respondent does not claim to have "circulated a promissory note." Respondent claims and has established that it is the current holder of a certain mortgage securing a loan made to Debtor. Furthermore, maritime law is inapplicable to this matter.

23. Denied. The allegation(s) in Paragraph 23 constitute conclusion(s) of law to which no response is required. Maritime law is inapplicable to this matter.

24. Denied. The allegation(s) in Paragraph 24 constitute conclusion(s) of law to which no response is required. Respondent has not brought a class action suit to enforce its claim.

25. Denied. The allegation(s) in Paragraph 25 constitute conclusion(s) of law to which no response is required. Respondent has established its right in it Proof of Claim filing.

26. Denied. The allegation(s) in Paragraph 26 constitute conclusion(s) of law to which no response is required. Debtor is not entitled to a common law jury trial for his objection to Respondent's Proof of Claim.

27. Denied as irrelevant.

28. Denied as irrlevant.

29. Denied as irrelevant.

30. Denied. Respondent does not claim that Debtor owes the Federal Reserve notes. Debtor borrower money in the amount of $40,500.00 to be paid back to the Originating Lender, it successors and assigns in monthly installments. Debtor failed to make all of the monthly payments and is indebted to Respondent in the amounts listed on Respondent's Proof of Claim.

31. Denied. The allegation(s) of Paragraph 31 constitute conclosuion(s) of law to which no response is required.

32. Denied. To the extent the allegation(s) in Paragraph 32 consitute conclusion(s) of law, no response is required. Furthermore, Respondent attached a payment history of the amounts alleged due from the Debtor. Debtor has failed to provide a specific objections to those amounts listed in Respondent's Proof of Claim.

33. Denied. The allegation(s) of Paragraph 33 constitute conclosuion(s) of law to which no response is required.

WHEREFORE, U.S. Bank National Association, as indenture trustee, for the holders of the CIM Trust 2017-4, Mortgage-Backed Notes, Series 2017-4 c/o Select Portfolio Servicing, Inc., respectfully requests that this Honorable Court enter an Order Overruling Debtor's Objection to its Proof of Claim #13.

08/03/2020

Respectfully Submitted,

/s / Bradley J. Osborne, Esquire
Bradley J. Osborne, Esquire
Hladik, Onorato & Federman, LLP
Attorney I.D. # 312169
298 Wissahickon Avenue
North Wales, PA 19454
Phone 215-855-9521
Email: bosborne@hoflawgroup.com

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In Re: | : Bankruptcy No. 20-20346-CMB |
|    Vance Strader | : Chapter 13 |
|         Debtor | : |
| | : |
| v. | : |
| | : |
| U.S. Bank National Association, as indenture trustee, for the holders of the CIM Trust 2017-4, Mortgage-Backed Notes, Series 2017-4 c/o Select Portfolio Servicing, Inc. | : |
|         Respondent | : |

**CERTIFICATE OF MAILING TO PARTIES IN INTEREST
OF REPLY TO OBJECTION TO PROOF OF CLAIM**

    I, Bradley J. Osborne, Esquire, attorney for Respondent, U.S. Bank National Association, as indenture trustee, for the holders of the CIM Trust 2017-4, Mortgage-Backed Notes, Series 2017-4 c/o Select Portfolio Servicing, Inc., certify that I served a copy of the attached Response to Debtor's Objection to Proof of Claim to the following parties at the addresses on the below matrix, on **08/03/2020**.

Ronda J. Winnecour, Esquire
Via ECF:
cmecf@chapter13trusteewdpa.com
*Trustee*

Vance Strader
231 Yosemite Drive
Pittsburgh, PA 15235
Via First Class Mail
*Pro Se Debtor*

                                                    /s / Bradley J. Osborne, Esquire
                                                    Bradley J. Osborne, Esquire
                                                    Hladik, Onorato & Federman, LLP
                                                    Attorney I.D. # 312169
                                                    298 Wissahickon Avenue
                                                    North Wales, PA 19454
                                                    Phone 215-855-9521
                                                    Email: bosborne@hoflawgroup.com